[Civ. No. 19281. Second Dist., Div. One. Feb. 10, 1953.]

ALBERTA UPPER, Plaintiff and Appellant, v. LOUIS POTEET et al., Defendants and Appellants.

William Barnett Spivak and Jacob Chaitkin for Plaintiff and Appellant.

Schell, Delamer & Loring for Defendants and Appellants.

DORAN, J.—After rendition of a verdict in plaintiff's favor in a personal injury action, the named defendants made a motion for judgment notwithstanding the verdict, and in the alternative, for a new trial, pursuant to section 629 of the Code of Civil Procedure. The trial court denied defendants' motion for judgment notwithstanding the verdict but granted a new trial, and from the latter order plaintiff has appealed. The defendants then appealed from the order denying judgment non obstante veredicto, and from the judgment in plaintiff's favor.

Plaintiff's memorandum of points and authorities in sup-

port of the motion to dismiss defendants' appeal, states: "Plaintiff has offered to dismiss her appeal from the order granting the new trial, provided that defendants consent to a dismissal of their appeal from the denial of their motion for judgment n.o.v. Defendants have refused so to stipulate. This motion has as its object the dismissal of the defendants' appeal, the plaintiff consenting to the dismissal of her appeal."

Section 629 of the Code of Civil Procedure provides that "Where a new trial is granted to the party moving for judgment notwithstanding the verdict, the order denying the motion for judgment notwithstanding the verdict shall not be reviewed on appeal, unless the adverse party appeal from the order granting a new trial, in which case the order denying judgment notwithstanding the verdict may be reviewed on appeal."

Construing section 629, *Estate of Green,* 25 Cal.2d 535 [154 P.2d 692], says: "As the latter order (denying motion for judgment notwithstanding the verdict) is reviewable on contestant's appeal from the order granting proponent's motion for a new trial, the latter's appeal from the order denying their motion for judgment notwithstanding the verdict is not necessary nor is it proper under the provisions of section 629 of the Code of Civil Procedure just quoted. The appeal from the order denying the motion for judgment notwithstanding the verdict should be dismissed. However, proponents have lost no rights by such dismissal as the order denying their motion for judgment notwithstanding the verdict is reviewable under contestant's appeal from the order granting proponents' motion for a new trial as fully and completely as it would have been had the latter been entitled to a direct appeal from the order adverse to them."

The defendant-appellants, Louis Poteet and United Parcel Service, "concede that if no appeal had been taken by Alberta Upper, plaintiff, . . . the defendants could not have taken an appeal in this case, inasmuch as their motion for a new trial was granted. However, in this instance plaintiff filed her appeal. Rule 3(a) so far as pertinent to this situation provides as follows:

"When a valid notice of intention to move for a new trial is served and filed by any party within 60 days after entry of judgment, . . . (2) if the motion is granted *and an appeal is taken from the order granting it, the respondent,* within 20 days after mailing of notification by the clerk of such appeal,

*may file notice of appeal from the judgment as originally
entered, and on that appeal may present any question which
he might have presented* on appeal from the judgment as
originally entered.'' (Defendants' italics.)

''In the instant case, plaintiff did appeal from the order
granting the motion for new trial, and within the time
allowed defendants filed their notice of appeal from the judg-
ment. Transcripts of the testimony have been obtained at
considerable expense, and defendants desire to present their
contentions to this court.''

Plaintiff's concluding memorandum refers to an ''abandon-
ment of her appeal from the order granting a new trial.''
However, plaintiff's original memorandum says nothing about
an ''abandonment,'' nor does the record elsewhere show such
abandonment. In plaintiff's own words, there was merely
an offer ''to dismiss her appeal from the order granting a new
trial, *provided* the defendants consent to a dismissal of their
appeal from the denial of their motion for judgment n.o.v.''
(Italics added.) Defendants ''have refused so to stipulate.''

■ Under section 629 of the Code of Civil Procedure,
since plaintiff appealed from the order granting a new trial,
the other order denying judgment notwithstanding the ver-
dict then became reviewable, ''fully and completely,'' as said
in *Estate of Green,* hereinbefore cited, although in itself it
was not appealable. Therefore, technically, as stated in the
Green case, the defendants' appeal from the order denying the
motion for judgment notwithstanding the verdict, should be
dismissed, since it was neither necessary nor proper.

The Green case might well be decisive of the present con-
troversy were it not for the fact under rule 3a, cited by de-
fendants, the latter had the undoubted right to file notice
of appeal from the original judgment, as was done in this
case. After the defendants had exercised this right, which
it may be noted, was instituted and called into being by the
plaintiff's own appeal, it hardly lies within the plaintiff's
power to defeat such right by the technicality of offering to
dismiss the first appeal. Certainly the defendants had a
right to assume that plaintiff's appeal was in good faith,
and then to protect defendants' rights by filing an appeal
from the original judgment as provided in rule 3a.

As said in defendant's memorandum, the interpretation of
the law as propounded by plaintiff ''would be manifestly un-
fair,'' after defendants' reliance on plaintiff's appeal and
the expenditure of large sums of money in procuring tran-

scripts of the testimony, etc., necessary for an appeal on the merits. Moreover, an appeal from the original judgment against defendants will necessarily present any question of sufficiency of evidence or possible judicial errors in the trial itself, and in that respect benefit both parties by furnishing a final determination of the rights involved.

Defendants' attempted appeal from the order denying a judgment *non obstante veredicto* is dismissed without prejudice to the defendants' appeal from the original judgment.

White, P. J., and Drapeau, J., concurred.